UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:21-CR-35-TAV-DCP-2 |
| | ) | |
| KEVIN M. MCCOLLUM, JR., | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

This criminal action is before the Court on the government's emergency motion [Doc. 26] under 18 U.S.C. §§ 3145(a) to revoke a magistrate judge's release order. The government requests that this Court revoke the release order issued by a federal magistrate judge in the Eastern District of Michigan on July 12, 2021, in *United States v. McCollum*, No. 2:21-mj-30343-DUTY-1 (E.D. Mich. 2021). According to the government, the magistrate judge filed the order of release on July 12, 2021, and stayed her order of release until 12:00 p.m. today, July 13, 2021, pending appeal to the undersigned. Due to the urgency of this motion, the defendant has not yet had an opportunity to respond.

The government argues that the presumption of mandatory detention under 18 U.S.C. § 3142(e)(3)(A) applies in this case because a federal grand jury returned an indictment against the defendant charging him with possessing with intent to distribute 40 grams or more of fentanyl and a quantity of heroin, on March 17, 2021. [Doc. 26, pp. 1–2; *see also* Doc. 3]. The government argues that defendant is a danger to the community and is a flight risk [*Id.* at 3].

Section 3142(e)(3)(A) provides that, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if there is probable cause to believe the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A). The charge for which he is indicted carries such a maximum term. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C).

The Court finds that the defendant should be detained until the resolution of the government's motion. Accordingly, the Court further **STAYS** the release order issued by the Magistrate Judge, and hereby **ORDERS** that the defendant be detained pending resolution of the government's emergency motion. The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with any further court proceedings.

The Court further **ORDERS** that the United States Marshal, or his authorized deputy, shall transport the defendant to this district on or before **Wednesday,**

**August 4, 2021,** for an in-person hearing on **Friday, August 6, 2021, at 9:30 a.m.**, before the Honorable Debra C. Poplin, United States Magistrate Judge.

IT IS SO ORDERED.

                                                s/ Thomas A. Varlan
                                                UNITED STATES DISTRICT JUDGE