UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:21-CR-35-TAV-DCP-2 |
| KEVIN M. MCCOLLUM, JR., | ) | |
| Defendant. | ) | |

# ORDER

This criminal case is before the Court on the report and recommendation ("R&R") [Doc. 34] entered by United States Magistrate Judge Debra C. Poplin on September 3, 2021, recommending that the Court grant the government's Emergency Motion Under 18 U.S.C. 3145 For Revocation of Magistrate Judge's Release Order [Doc. 26]. Defendant has objected to the R&R [Doc. 36]. The government has not responded, and the time for filing a response has elapsed [*See* Doc. 34, p. 19 (setting the response deadline for September 14, 2021, due to the urgency of this matter)]. This matter is now ripe for the Court's review. For the reasons stated below, the Court will **OVERRULE** defendant's objections [Doc. 36], **ADOPT** the R&R [Doc. 34] in whole, and **GRANT** the government's motion [Doc. 26].

**I. Background**

The Court presumes familiarity with the R&R's description of the background in this case. Defendant did not file any specific objections as to the factual background set

forth in the R&R [Doc. 34, pp. 1–9]. The Court, therefore, incorporates by reference the factual background established in the R&R.

## II. Standard of Review

"If a person is ordered released by a magistrate judge, . . . the attorney for the Government may file with the [district court] a motion for revocation of the order . . . ." 18 U.S.C. § 3145(a)(1). Such a motion "shall be determined promptly." *Id.* The district court's review of the magistrate judge's release or detention order is *de novo*. *United States v. Marcrum*, 953 F. Supp. 2d 877, 880 (W.D. Tenn. 2013). The district court may rely both on the evidence and offers of proof presented at the original detention hearing before the magistrate judge, as well as additional evidence and offers of proof at its discretion. *United States v. Zapien*, No. 3:14-cr-37, 2014 WL 1028435, at *2 (M.D. Tenn. Mar. 17, 2014).

Section 3142 of Title 18 provides the framework for the district court's analysis as to whether release pending trial is proper. *See United States v. Webb*, 238 F.3d 426 (6th Cir. 2000) (unpublished table opinion). The ultimate touchstone of this analysis is "whether there are conditions of release that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). Factors to be considered in this determination include, but are not limited to: (1) the nature and circumstances of the offense charged, including whether it is a crime involving a controlled substance; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, e.g., his or her character, mental and

2

physical condition, family and community ties, financial resources, criminal history, and substance-abuse history; and (4) the nature and seriousness of the danger posed to the community by the defendant's potential release. *Id.* Section 3142(e)(3)(A) establishes a rebuttable presumption in favor of detention where there is probable cause to believe that the defendant committed certain offenses, including "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*)[.]" 18 U.S.C. § 3142(e)(3)(A).

The Court referred this reviewal process to Judge Poplin for a hearing [Doc. 27], and Judge Poplin issued the instant R&R [Doc. 34]. The Court reviews *de novo* those portions of the R&R to which the defendant has objected unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Tchrs., Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 516, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1). Accordingly, the Court considers the R&R, the motion for revocation of the magistrate judge's release order, the parties' underlying and supporting briefs, and defendant's objections all in light of the applicable law.

3

**III. Analysis**

The Court first notes that defendant's objections to the magistrate judge's R&R appear to be too general. Ultimately, defendant does not identify any facts that the magistrate judge failed to consider in her detention recommendation, but instead, simply disagrees with the magistrate judge's weighing of these facts [Doc. 36]. Nevertheless, for the sake of completeness, the Court will address the relevant factors in determining whether granting the government's emergency motion is appropriate.

The parties agree that the presumption in favor of detention established in § 3142(e)(3)(A) applies here [Doc. 36, p. 2]. A grand jury has charged defendant with violating 21 U.S.C. § 841 by possessing with the intent to distribute heroin and fentanyl [Doc. 3]. The maximum term of imprisonment for this offense exceeds 10 years. 21 U.S.C. § 841(b)(1)(B). Thus, probable cause exists to believe that defendant has committed an offense described in 18 U.S.C. § 3142(e)(3)(A), and therefore, a presumption that defendant should be detained pending trial applies. Considering this presumption, the Court turns to the § 3142(g) factors.

As to the first factor, the nature and circumstances of the offense, Judge Poplin concluded that this factor supported detention in this case because defendant is charged with a controlled substance offense [Doc. 34, p. 14]. Defendant does not specifically object to Judge Poplin's conclusion as to this factor but argues that this factor alone does not warrant pretrial detention [Doc. 36, pp. 3–4]. The Court need not address whether the nature and circumstances of the offense alone would be sufficient to support detention in

4

this instance because, as discussed *infra*, the Court finds that numerous factors support pretrial detention. And, the Court agrees with Judge Poplin's determination that, given the fact that defendant is charged with an offense involving heroin and fentanyl, which are particularly dangerous drugs, the nature and the circumstances of the charge favor detention.

Addressing the second factor, the weight of the evidence against defendant, Judge Poplin noted that the charged offense is among those crimes for which Congress has deemed the offender particularly dangerous or particularly likely to flee [Doc. 34, p. 14]. Judge Poplin stated that the weight of the evidence of defendant's dangerousness is significant given that he is charged with possessing with intent to distribute 40 grams or more of a mixture and substance containing fentanyl and heroin [*Id.*]. Judge Poplin noted that drug trafficking is inherently dangerous and the record contains evidence that the alleged drug trafficking was conducted in a dangerous manner given that a firearm was found in the vehicle [*Id.*]. Judge Poplin thus concluded that the allegations submitted by the government support a finding that defendant poses a significant danger to the community such that sufficient conditions may not be imposed [*Id.* at 15]. Regarding defendant's criminal history, Judge Poplin noted that defendant has no apparent history of violence nor any convictions for violent offenses, but found that this particular evidence was not clearly indicative of either defendant's dangerousness or lack thereof [*Id.*]. Finally, Judge Poplin found that defendant was a moderate flight risk because, although he is a lifelong Michigan resident with strong family ties to that state, he has no known ties in the

5

Eastern District of Tennessee, and, while defendant has no documented history of failure to appear, he does have a prior probation violation with unclear circumstances [*Id.* at 15–16]. Thus, Judge Poplin concluded that the second favor weighed in favor of detention [*Id.* at 16].

Again, defendant does not specifically address this factor, but he does mention some facts that Judge Poplin addressed in her discussion of this factor, namely, his lack of history of violence, his strong family ties in Michigan, and his lack of history of failing to appear [Doc. 36, p. 3]. However, Judge Poplin considered each of these facts, in addition to other facts that defendant fails to address. First, while Judge Poplin noted defendant's lack of violent history, she concluded that this fact was not "clearly indicative" of defendant's dangerousness or lack thereof [Doc. 34, p. 15]. Defendant provides no explanation as to why a lack of prior violent history is "clearly indicative" of his lack of dangerousness, particularly in light of the nature of the instant charge. Second, Judge Poplin noted defendant's strong family ties to Michigan, but also noted that he has no known ties to the Eastern District of Tennessee, and therefore concluded that defendant is a "moderate" flight risk [*Id.* at 15–16]. Defendant does not address his lack of ties to this state, and simply re-emphasizes his ties in Michigan [Doc. 36, p. 3]. Finally, Judge Poplin noted that defendant had no documented history of failing to appear, but also noted that defendant has a prior probation violation, the circumstances of which were unclear [Doc. 34, pp. 15–16]. Again, defendant does not address the prior probation violation and simply reiterates his lack of history of failure to appear [Doc. 36, p. 3]. Ultimately, the Court

6

agrees with Judge Poplin's weighing of the "mitigating" facts that defendant cites with the other, more "aggravating" facts, which defendant declines to address, and finds that this factor weighs in favor of detention.

As to defendant's history and characteristics, Judge Poplin found that this third factor weighs "mostly" in favor of detention [Doc. 34, p. 17]. Judge Poplin found significant evidence of defendant's strong family ties, that support release, including that defendant has many family members in the Detroit area who will allow him to live with them or have offered to be his third-party custodian, and who have showed their support by attending his initial detention hearing by video and/or telephone [*Id.* at 16]. Judge Poplin also noted defendant's employment history with Amazon prior to sustaining injuries from a car wreck, the lack of evidence of mental health issues, and the evidence of various health conditions, all of which she found "weigh[] mostly in favor of" release [*Id.* at 16–17]. Judge Poplin also noted that defendant has a felony drug conviction from 2009 based on cocaine trafficking, and convictions for driving on a suspended or revoked license and possession of marijuana [*Id.* at 17]. Judge Poplin further noted that defendant admitted using marijuana daily, including the day prior to his arrest [*Id.*]. Judge Poplin ultimately relied on defendant's prior criminal history and lack of ties to this district in concluding that this factor mostly supports detention [*Id.*].

Defendant contends that his history and characteristics mitigate against detention [Doc. 36, p. 3]. He states that he has a sparse criminal history and has no history of violence [*Id.*]. He highlights his strong family ties and support and notes that family members

7

offered to serve as third-party custodians [*Id.*]. He also states that he maintained stable employment until sustaining serious injuries from an automobile accident [*Id.*]. Finally, he notes that he has no history of non-appearance for court [*Id.*]. He contends that these facts rebut the presumption that he poses a danger to the community [*Id.*]. But, the Court notes that Judge Poplin specifically addressed all of these factors, and, indeed, found that they "mostly" supported release [Doc. 34, pp. 16–17]. As with the second factor, defendant simply fails to address the more "aggravating" factors that Judge Poplin concluded supported detention in this instance, such as his criminal history, which includes a felony drug offense, his past history of drug use, and his lack of ties to this state. While the Court agrees with Judge Poplin's conclusion that many of the facts which defendant cites would support pretrial release, considering *all* of the facts, and particularly defendant's history of drug use and drug offenses, the Court finds that this factor supports detention.

    As to the final factor, the nature and seriousness of the danger to the community, Judge Poplin found that, due to the overwhelming risk of dangerousness associated with trafficking heroin and fentanyl, and without any details to assess the suitability of defendant's proposed residence, defendant's proposed conditions are insufficient to reasonably assure the safety of the community [Doc. 34, pp. 17–18]. Thus, Judge Poplin found that there were no apparent conditions or combination of conditions to reasonably assure defendant's appearance in court and the safety of the community, and the fourth factor weighed in favor of detention [*Id.* at 18]. Defendant again does not specifically address this factor, but merely contends that the nature of the instant offense alone is not

8

sufficient to warrant his detention [Doc. 36, pp. 3–4]. But, for the reasons stated *supra*, the Court finds that each of the factors supports pretrial detention in this case. Accordingly, defendant's objections [Doc. 36] are **OVERRULED**.

**IV.     Conclusion**

In sum, after an independent, *de novo* review, the Court finds that all four of the § 3142(g) factors favor detention. And regardless, the Court is of the opinion that the factors favoring detention carry more weight in this case, given the exceptional seriousness and dangerousness of the offense. Accordingly, the Court will **OVERRULE** defendant's objections [Doc. 36], **ADOPT** the R&R [Doc. 34] in whole, and **GRANT** the government's motion [Doc. 26]. The magistrate judge's order releasing defendant pending trial is **REVOKED**. Defendant will **REMAIN** in federal custody pending trial.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE